UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, upon the relation and for the use of the TENNESSEE VALLEY AUTHORITY,<br><br>    *Plaintiff*,<br><br>v.<br><br>A TEMPORARY RIGHT TO ENTER UPON LAND IN MONROE COUNTY, TENNESSEE, TAMELA MOURON, and ROBIN MOURON,<br><br>    *Defendants*. | Case No. 3:21-cv-228<br><br>Judge Travis R. McDonough<br><br>Magistrate Judge Debra C. Poplin |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff's motion for summary judgment (Doc. 13). For the reasons set forth below, Plaintiff's motion is **GRANTED**.

**I.  BACKGROUND**

In 2019, the Tennessee Valley Authority ("TVA") unveiled a project to upgrade and build new transmission lines in Loudon County and Monroe County, Tennessee. (Doc. 14, at 1.) To effectuate this project, TVA needed to survey and site the parcels across which the transmission lines will run. The new lines are expected to be built and running in 2022. (*Id.* at 2.) Defendants Tamela Mouron and Robin Mouron own one of the parcels across which the transmission lines will run. (*Id.*) The Mourons' parcel is identified as tax map and parcel number 019 055.03 in the Monroe County Assessor's Office. (Doc. 12-2.)

On June 23, 2021, Plaintiff filed the instant condemnation action to acquire a temporary right of entry on the Mourons' parcel. (*Id*. at 3.) On July 7, 2021, the Court entered an Order of Possession granting TVA a temporary right to enter. (*See* Doc. 10.) TVA has now completed siting and surveying activities and has vacated the Mourons' land. (Doc. 14, at 4.) The sole issue remaining is the amount owed to Defendants as compensation for TVA's temporary right to enter. On November 16, 2021, Plaintiff filed a motion for summary judgment regarding compensation (Doc. 13). Defendants have not appeared, nor have they responded to Plaintiff's motion for summary judgment.

## II. STANDARD OF LAW

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court views the evidence in the light most favorable to the nonmoving party and makes all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc*., 253 F.3d 900, 907 (6th Cir. 2001).

The moving party bears the burden of demonstrating that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). The moving party may meet this burden either by affirmatively producing evidence establishing that there is no genuine issue of material fact or by pointing out the absence of support in the record for the nonmoving party's case. *Celotex*, 477 U.S. at 325. Once the movant has discharged this burden, the nonmoving party can no longer rest upon the allegations in the pleadings; rather, it must point to specific facts supported by evidence in the record demonstrating that there is a genuine issue for trial. *Chao v. Hall Holding Co., Inc*., 285

F.3d 415, 424 (6th Cir. 2002).

At summary judgment, the Court may not weigh the evidence; its role is limited to determining whether the record contains sufficient evidence from which a jury could reasonably find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). A mere scintilla of evidence is not enough; the Court must determine whether a fair-minded jury could return a verdict in favor of the non-movant based on the record. *Id.* at 251–52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). If not, the Court must grant summary judgment. *Celotex*, 477 U.S. at 323.

### III. ANALYSIS

TVA may take private property for public use in the name of the United States. *See* 16 U.S.C. § 831c(h). This power is subject to the Fifth Amendment requirement that just compensation be rendered to property owners for takings of their private property for public use. *Kirby Forest Indus., Inc. v. United States*, 467 U.S. 1, 9 (1984). Just compensation is defined as the fair market value of the property taken. *See id.* (citing *United States v. 564.54 Acres of Land, More or Less, Situated in Monroe and Pike Cntys., Penn.*, 441 U.S. 506, 511–13 (1979)). Where the taking is temporary, the fair market value is determined as the difference "in the market value of the entire tract before and after the taking." *United States ex rel. Tenn. Valley Authority v. Hughes*, 251 F. Supp 930, 932 (W.D. Tenn. 1966) (citing *Olson v. United States*, 292 U.S. 246 (1934)).

However, limited easements leave substantial property rights in the landowner, and courts should take this into account when awarding just compensation. *United States ex rel. Tenn. Valley Authority v. A Temporary Right to Enter*, Nos. 4:14-cv-85, 4:16-cv-25, 2017 WL 2559976, at *5 (E.D. Tenn. June 13, 2017) (citing *United States ex rel. Tenn. Valley Authority v.*

*An Easement and Right-of-Way Over Two Strips, Etc.*, 284 F. Supp. 71, 73 (W.D. Ky. 1968)); *United States ex rel. An Easement and Right of Way 150 Feet Wide, Etc.*, 182 F. Supp. 899, 903 (M.D. Tenn. 1960)). The condemning party remains liable for actual damage done to the property during these activities. *Id*.

Traditionally, the amount of compensation owed in an eminent-domain case must be submitted to the jury if a party has requested a jury trial. *See* Fed. R. Civ. P. 71.1(h). However, in this case, neither party has requested a jury trial. As a result, the court determines the proper amount of compensation owed to Defendants for the temporary taking of their property. *United States v. Miller*, 317 U.S. 369, 379–80 (1943).

Plaintiff offers the affidavit of Ivan J. Antal, II, as evidence of the amount of just compensation. Antal has worked for TVA since 2003 and has been a licensed appraiser in Tennessee since 2006. (Doc. 12-1, at 1.) Since 2008, Antal has worked as the Manager of Real Property Transactions for TVA. (*Id*.) In this capacity, Antal is "responsible for supervising TVA's acquisition of property rights, including the acquisition of temporary rights to enter, associated with the construction of new transmission lines." (*Id*. at 3.) Antal avers that "thousands of such property rights" have been acquired since he began serving in his current position. (*Id*.) Based on his experience, Antal states that, after considering TVA's "separate financial responsibility for damage to the property" resulting from its activities, "the fair market value of the temporary right to enter the subject property to perform survey and siting activities is $10." (*Id*.)

Defendants have not appeared or offered any additional evidence as to the fair market value of the temporary right to enter. Based on Antal's affidavit and review of similar cases, a reasonable jury could not find that Defendants are entitled to more than nominal damages for the

condemnation of the temporary right to enter, as Defendants have maintained the vast majority of their property rights. The tract's fair market value should be unchanged by the existence of the temporary right to enter. If Defendants' property has been damaged by Plaintiff, they may submit a claim to, or commence a separate action against, TVA. *See* 2017 WL 2559976, at *6 (citing *An Easement and Right of Way 150 Feet Wide, Etc.*, 182 F. Supp. at 904 (noting that the decision maker in a condemnation action is "not to consider . . . any torts which may have been committed in the past or might be committed in the future")); 16 U.S.C. § 831c(c) (TVA may "sue and be sued in its corporate name"). As a result, a nominal-damages award of $10 is appropriate, as "nominal damages are a symbolic recognition of harm that may be awarded without proof of actual harm and have only a declaratory effect." (awarding $1 of nominal damages) (quoting *Pagan v. Village of Glendale, Ohio*, 559 F.3d 477, 478 n.1 (6th Cir. 2009) (internal quotation marks omitted); *see also St. Genevieve Gas Co., Inc. v. Tenn. Valley Authority*, 747 F.2d 1411, 1414 (11th Cir. 1984) (awarding $1 in nominal damages for condemnation of commercially valueless mineral lease).

## IV. CONCLUSION

For the above reasons, Plaintiff's motion for summary judgment (Doc. 13) is **GRANTED**. The Clerk is **DIRECTED** to disburse the $10 previously deposited (Doc. 2), consistent with Local Rule 67.1(e).

**AN APPROPRIATE JUDGMENT SHALL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**